Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00570-CR

Roy L. **SMITHWICK**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 1992-CRA-041-D1
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  November 17, 2010

AFFIRMED

Roy Smithwick appeals an order denying his motion for forensic DNA testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure.  We affirm the trial court's order.

Smithwick was convicted of murdering his parents.  This court affirmed the conviction. *Smithwick v. State*, No. 04-92-00520-CR, 1995 WL 540279 (Tex. App.—San Antonio Sept. 13, 1995, no pet.)(not designated for publication).  Smithwick subsequently filed a motion for DNA testing, alleging in part that a blood stain on his shirt should be re-tested because the forensic

scientist who testified at this trial may have provided false testimony. Smithwick asserted that he needed to test for DNA to determine whether blood found on his shirt came from his mother. *Smithwick v. State*, No. 04-02-00834-CR, 2003 WL 22015408, at \*1 (Tex. App.—San Antonio Aug. 27, 2003, pet. ref'd) (mem. op., not designated for publication). After a hearing, the trial court denied the motion, ruling in part that no issue of identity of the defendant presently exists or existed at the time of trial.[1] *Id.* Smithwick appealed and this court affirmed the trial court's order, holding "the trial court did not err in denying Smithwick's motion for DNA testing on the basis that evidence no longer exists and identity is not or was not an issue in the case." *Id*. at \*2. Smithwick filed his second motion for DNA testing on March 26, 2008. In his second motion, Smithwick contends identity was an issue in the case because the State used the bloodstain to place him at the scene of the crime. We hold the trial court did not err in denying the motion because that question has previously been decided in this case.

"The law of the case doctrine 'provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal.'" *Duncan v. State*, 151 S.W.3d 564, 566 (Tex. App.—Fort Worth 2004, pet. ref'd) (quoting *Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim. App. 1999)). A court may reconsider its previous disposition if "compelling circumstances" are shown. *Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993). At least one court has suggested compelling circumstances exist if the previous ruling was clearly erroneous. *See Duncan*, 151 S.W.3d at 566.

The State's theory at trial was that the blood stain on Smithwick's shirt resulted from blood spatter caused when he shot his mother. *Smithwick*, 1995 WL 540279, at \*6. Smithwick's

---

[1] Under article 64.03 of the Texas Code of Criminal Procedure, a court may order DNA testing only if it finds, among other requirements, "identity was or is an issue in the case." TEX. CODE CRIM. PROC. ANN. art. 64.03(a)(1)(B) (West Supp. 2010).

theory was that the stain was a transfer stain caused by him attending to his mother. *Id*. In his first motion for DNA testing, Smithwick argued the stain should be tested because if it were found not to be his mother's blood, "the State's case would be seriously damaged." *Smithwick*, 2003 WL 22015408, at *1. Smithwick's current argument that the blood stain was used to place him at the scene of the crime is essentially the same argument made in his first motion. His motion does not assert any new facts to support his contention that identity was or is an issue, and he has not shown our holding in the appeal of his first motion for DNA testing to be clearly erroneous. Accordingly, this court's prior holding that identity is or was not an issue in the case is the law of the case, and the trial court did not err in denying the motion for DNA testing.

Steven C. Hilbig, Justice

Do not publish